IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2: 22-cr-01 |
| THOMAS PIERCE, JR. | |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Mark V. Gurzo, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

**I. THE INFORMATION**

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession with intent to distribute less than 50 kilograms of marijuana<br><br>On or about September 28, 2020 | Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) |

**II. ELEMENTS OF THE OFFENSE**

**A.    As to Count 1:**

In order for the crime of possession with intent to distribute less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), to be established, the United States must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with intent to

distribute the controlled substance charged in the Information.

>United States v. Lartey, 716 F.2d 955,967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

>United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That marijuana is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(c)(10).

### III. PENALTIES

**A. As to Count 1: Possession with intent to distribute less than 50 kilograms of marijuana, a Schedule I controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)):**

1. A term of imprisonment of not more than five (5) years.

2. A fine not to exceed $250,000.

3. A term of supervised release of at least two (2) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than ten (10) years.

2. A fine not to exceed $500,000.

3. A term of supervised release of at least four (4) years.

### IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. **RESTITUTION**

Not applicable in this case.

### VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*s/ Mark V. Gurzo*
MARK V. GURZO
Assistant U.S. Attorney
MD ID No. 20794
